**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated:  March 27 2015**

_____
John P. Gustafson
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In Re | ) | **Case No.  15-30394** |
| | ) | |
| Tara Jean Hemminger and | ) | **Chapter 7** |
| James Clifford Hemminger, 3rd, | ) | |
| | ) | |
| **Debtors.** | ) | **JUDGE JOHN P. GUSTAFSON** |

### MEMORANDUM OF DECISION AND ORDER DENYING DEBTORS' MOTION

Debtors Tara Jean Hemminger and James Clifford Hemminger, 3rd,  filed their voluntary Chapter 7 bankruptcy petition on February 18, 2015. [Doc. # 1].  As a condition of eligibility to be a debtor under Title 11, an individual debtor must receive credit counseling from an approved agency during the 180-day period preceding the date of filing of the bankruptcy petition.  11 U.S.C. § 109(h)(1).  In Exhibit D [Doc. # 2, p. 1], Tara Jean Hemminger ("Debtor" or "the Debtor-wife") checked Box 1, indicating that she had received the required briefing from a credit counseling agency within the 180 days before the filing of the bankruptcy petition.  However, James Clifford Hemminger, 3rd ("the Debtor-husband" or "spouse") checked Box 4 [*Id.* at p. 3], indicating that he is not required to receive a credit counseling briefing because of incapacity.

On February 19, 2015, the Debtor-wife and her spouse filed a Durable Power of Attorney [Doc. # 8], in which the spouse named the Debtor-wife as his attorney-in-fact, giving her "[his] complete power-of-attorney in all matters."  On March 12, 2015, Debtor-wife and her spouse filed a "Motion to Accept Power of Attorney as Sufficient and to Allow Attorney in Fact to Complete Credit Counseling Course and

Financial Management Course on Behalf of Debtor James Clifford Hemminger, 3rd" ("Motion"). [Doc. # 15]. In the Motion, the Debtor-wife states that the power of attorney was executed due to her spouse's impending long term incarceration. The motion also moves the court to grant two requests: 1) that the power of attorney executed by the spouse be sufficient to allow the Debtor-wife to proceed with the bankruptcy in her capacity as attorney-in-fact, and 2) that the Debtor-wife be allowed to complete the credit counseling requirement and debtor education requirement on her behalf as well as for her spouse. For the reasons that follow, the court will deny Debtors' Motion.

The durable power of attorney filed with the court does not contain reasonably specific language that authorizes the Debtor-wife to file a petition on behalf of her spouse. Rather, it grants Debtor-wife her spouse's "complete power-of-attorney in all matters." It authorizes Debtor-wife to "conduct any and all personal business in [the spouse's] name, including opening/closing bank accounts, sale of personal property, payment of bills and collection of debts", and it gives her "the power to obtain and cash payroll checks, personal checks and negotiable instruments that are made out in [the spouse's] name." [Doc. # 8].

A petition may be filed by a power of attorney,[1] but bankruptcy courts require that the power of attorney must be broad enough or specific enough to encompass the filing of a bankruptcy. *See*, *In re Bilinski*, 2013 WL 74398 at *3 n7, 2013 Bankr. LEXIS 78 at *8 n7 (Bankr. C.D. Cal. Jan. 7, 2013).

In the current case, the lack of specific language in the power of attorney authorizing the Debtor-wife to file a bankruptcy petition on behalf of her spouse raises questions as to the validity of the Debtor-husband's filing . However, in this case the court need not make a finding regarding the power of attorney, as the Debtor-husband does not qualify for relief under 11 U.S.C. §109.

Under 11 U.S.C. §109(h)(1), an individual may not be a debtor unless he or she has completed a credit briefing outlining the opportunities for available credit counseling and assisting in performing a related budget analysis. This briefing must be completed within the 180-day period prior to filing, subject to specific exceptions set forth in 11 U.S.C. §109(h)(2)-(4). In this case, the Debtor-husband did not attend the required credit briefing. He is attempting, instead, to have the Debtor-wife take the briefing in his place, pursuant to the power of attorney.

The Bankruptcy Code allows a court to waive the requirements of §109(h)(1) under certain circumstances. *See*, 11 U.S.C. §109(h)(4). Under Section 109(h)(4), the pre-filing briefing/credit counseling requirement "shall not apply with respect to a debtor whom the court determines. . .is unable to complete [credit counseling] requirements because of incapacity, disability, or active military duty. . ."

---

[1]/ *See,* Federal Rule of Bankruptcy Procedure 9010(c).

In analyzing §109(h)(4), several courts have ruled that incarceration does not amount to incapacity or disability for purposes of the statute. "Although the court is sympathetic to the Debtor-husband's situation, his incarceration is not within the meaning of 'disability' intended by Congress when they drafted §109(h)(4), and therefore debtor does not meet the exception for permanent waiver. . ." *In re Star*, 341 B.R. 830, 831 (Bankr. E.D. Va. 2006). *See also, In re Anderson*, 397 B.R. 363, 366-67 (B.A.P. 6th Cir. 2008); *In re Hubel*, 395 B.R. 823, 826 (N.D. N.Y. 2008); *In re Rendler*, 368 B.R. 1, 4 (Bankr. D. Minn. 2007); *In re McBride*, 354 B.R. 95, 99 (Bankr. D. S.C. 2006); *In re Kerr*, 2014 WL 6747112, 2014 Bankr. LEXIS 4839 (Bankr. N.D. Ohio 2014); *In re Bindus*, 2008 WL 2902567 at * 2, 2008 Bankr. LEXIS 2387 at *5 (Bankr. N.D. Ohio July 8, 2008).

Of equal importance in this case, the credit counseling requirement under 11 U.S.C. §109(h)(1) is not an obligation that can be delegated to another person  While Fed. R. Bankr. P. 9010(a)(2) allows a "debtor, creditor, equity security holder, indenture trustee, committee or other party" to "perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy," it does not allow an agent to satisfy the credit counseling requirement for a principal seeking bankruptcy protection.  As stated by Judge Kendig in *In re Clendenin*, 2008 WL 4367844 at *2, 2008 Bankr. LEXIS 4940 at *5 (Bankr. N.D. Ohio Sept. 16, 2008), "[t]he text and structure of 11 U.S.C. § 109(h) both make absolutely clear that Congress did not intend agents to be able to take the credit counseling requirement in the place of their principals." *See also*, *In re Ebert*, 2011 WL 5908944, 2011 Bankr. LEXIS 4667 (Bankr. N.D. Ohio Nov. 23, 2011); *In re Pease*, 2010 WL 2670815, 2010 Bankr. LEXIS 2127 (Bankr. N.D. Ohio July 2, 2010); *In re Estep*, 2008 WL 4367841, 2008 Bankr. LEXIS 4421 (Bankr. N.D. Ohio Sept. 16, 2008).

In a situation where a debtor does not comply with the requirements of §109(h) or qualify for a waiver of the credit counseling requirement, a court does not abuse its discretion by dismissing the case without prejudice.  *In re Ingram*, 460 B.R. 904, 910 (B.A.P. 6th Cir. 2011).  Here, the Debtor-husband has not fulfilled the credit counseling requirement set forth in §109(h)(1), and §109(h)(4) does not provide a basis for waiving the requirement.  Further, as discussed above, §109(h) does not allow a proxy to take the credit counseling in the debtor's place.  Therefore, the Debtor-husband is ineligible to be a debtor under the Bankruptcy Code, and with respect to this Chapter 7 case, the failure to comply with §109(h)(1) cannot be cured post-filing.[2] *See*, *In re Gibson*, 2011 WL 7145612 at *4, 2011 Bankr. LEXIS 5084 at *17 (9th Cir. B.A.P.  Dec. 1, 2011)("a debtor enjoys no opportunity to cure a §109(h) deficiency post-petition"); *see also*, *In re Hedquist*, 342 B.R. 295, 300 (8th Cir. B.A.P. 2006)("But because those requirements are mandatory,

---

[2]/  The Debtor-husband did not claim "exigent circumstances" under §109(h)(3), nor was a timely motion for an extension of time filed in this case.

bankruptcy courts have no discretion but to dismiss the case when the debtor fails to file a certification in compliance with its provisions."); *Clippard v. Bass*, 365 B.R. 131, 137 (W.D. Tenn.2007); *In re Ruckdaschel*, 364 B.R. 724 (Bankr. D. Idaho 2007).

In the instant case, the Debtor-wife remains eligible to be a debtor in this case, even though her spouse does not. Rather than dismissing the case in its entirety, the court will enter an order dismissing the Debtor-husband, James Clifford Hemminger, 3rd, and will allow this case, with only Tara Jean Hemminger remaining as a debtor, to proceed to discharge.

Accordingly, for the reasons set forth above, the court is unable to grant the Debtors' Motion and must dismiss James Clifford Hemminger, 3rd from the case.

Therefore, good cause appearing,

**IT IS ORDERED** that the "Motion to Accept Power of Attorney as Sufficient and to Allow Attorney in Fact to Complete Credit Counseling Course and Financial Management Course on Behalf of Debtor James Clifford Hemminger, 3rd" [Doc. # 15] be, and hereby is, **DENIED**. Tara Jean Hemminger may remain in this case as a debtor. A separate order in accordance with this decision will be entered dismissing James Clifford Hemminger, 3rd from this case.

###